UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK MCCLESKEY, Trustee, and INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE AND PENSION FUNDS,<br><br>    Plaintiffs,<br><br>    v.<br><br>HOOKS AV, LLC, an Illinois foreign limited liability company,<br><br>    Defendant. | No. 1:18-cv-02397-JRS-DML |

## Order on Motion for Temporary Restraining Order
(ECF No. 13)

Plaintiffs' Motion for Temporary Restraining Order (ECF No. 13) is pending before the Court. Plaintiffs ("Plaintiffs" or the "Funds") are various funds, and the Trustee of the funds, established under collective bargaining agreements entered into between the Cement Masons Union and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreements with the Union. (Compl. ¶ 2, ECF No. 1.) Plaintiffs allege that Defendant Hooks AV, LLC ("Hooks") has violated its contractual obligations by failing to make contributions required to be paid by it to the Funds. They seek a judgment for any amounts due the Funds. (Compl. ¶¶ 4–8, ECF No. 1.)

A Clerk's entry of default has been entered against Hooks. Based on the default, "the well-pleaded allegations of a complaint relating to liability are taken as true." *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quotation and citation omitted). Hooks cannot contest the fact of its liability unless the default were to be vacated. *See id.* Hooks has been served with Plaintiffs' Motion for Temporary Restraining Order and its supporting memorandum. The time for responding to the motion has not yet run, but the Court can rule on the motion without awaiting a response.

I. **Legal Standard**

The same standards apply to temporary restraining orders ("TRO") that apply to preliminary injunction orders. *See Carlson Group, Inc. v. Davenport*, No. 16-cv-10520, 2016 WL 7212522, at *2 (N.D. Ill. Dec. 13, 2016). To obtain a TRO, the moving party has the burden of showing that: "(1) they have a reasonable likelihood of success on the merits; (2) they have no adequate remedy at law; and (3) they will suffer irreparable harm without injunctive relief." *Stifel, Nicolaus & Co. v. Lac du Flambeau Band of Lake Superior Chippewa Indians*, 807 F.3d 184, 193 (7th Cir. 2015). If the moving party meets this threshold burden, then the court balances the harm to the movant absent a TRO against the harm to the opposing party if a TRO were granted, and considers the public interest in granting or denying a TRO. *See id.* A TRO "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *See Goodman v. Ill. Dep't*

*of Fin. & Prof'l Regulation,* 430 F.3d 432, 437 (7th Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

## II. Discussion

Considering the relevant factors, the Court concludes that Plaintiffs have not met their threshold burden for obtaining a TRO. To be sure, Plaintiffs have demonstrated a reasonable likelihood of success on the merits—because of Hooks's default, the Complaint's allegations are taken as true: Hooks is bound by the collective bargaining agreements and Trust Agreements; Hooks is required to make contributions to the Funds on behalf of its employees under the terms of those agreements; and Hooks has failed to make timely contributions.

However, Plaintiffs stumble on the remainder of their threshold burden. Plaintiffs argue they will suffer irreparable harm and have no adequate remedy at law because Hooks "already faces considerable liability and yet [Hooks] continues to operate without meeting its contribution obligations to Plaintiffs." (Pls.' Mem. 6, ECF No. 14.) They further assert "[it] is almost certain that, without the injunctive relief requested here, the currently ongoing failure to comply with the CBA's fringe benefit contribution obligations will persist and reach a point where [Hooks] will never be able to remedy its delinquency as [Hooks] is already indebted to another set of cement masons benefit funds . . . in excess of [$100,000.]" (*Id.* (emphasis omitted).) The failure to collect fringe benefit contributions, according to Plaintiffs, would have adverse effects on the Funds because participants "will either never obtain health insurance coverage or their health insurance will terminate" and the Funds "will suffer

3

lost investment opportunities on unpaid contributions." (Pls.' Mem. 7, ECF No. 14.) Plaintiffs further argue that they "and plan participants will be irreparably harmed if [Hooks] continues to operate, because the amount owed to the Plaintiffs may become uncollectable." (Pls.' Mem. 2, ECF No. 14.)

Plaintiffs request a TRO that, among other things, (1) requires Hooks to pay immediately all past due contributions and to pay all contributions that accrue; (2) prohibits Hooks from dissipating or transferring any corporate assets, except in the normal course of business; (3) enjoins Hooks from violating the terms of its collective bargaining and Trust agreements by failing to make payments to the Funds; (4) directs Hooks to cease operations until it begins making contributions to the Funds; and (5) requires Hooks to produce records for an audit to determine its liability to the Funds. (Pls.' Mem. 12–13, ECF No. 14.) The matter of an audit was addressed by the Magistrate Judge's September 26, 2018 Order (ECF No. 12), giving Hooks 30 days within which to permit an audit of their books and records for March 1, 2018 through the present. That thirty-day time period has not yet run. Any failure to comply with that order may result in an order to show cause why Hooks should not be held in contempt.

"Only if [the moving party] will suffer irreparable harm . . . can he get a preliminary injunction [or TRO]." *Roland Mach. Co. v. Dresser Indus., Inc.,* 749 F.2d 380, 386 (7th Cir. 1984). But "[w]here the only remedy sought at trial is damages, the two requirements—irreparable harm, and no adequate remedy at law—merge." *Id.* In that case, the question becomes "whether the [moving party] will be made

4

whole if he prevails on the merits and is awarded damages." *Id.* The moving party is not required to show that a damages award at the end of trial will be "wholly ineffectual," but rather, that it would be "seriously deficient as a remedy for the harm suffered." *Id.* Moreover, demonstrating that irreparable injury is "possible" is not sufficient; the party seeking relief must show that "irreparable injury is *likely* in the absence of [a TRO]." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008) (emphasis in original).

Plaintiffs argue that other courts have found irreparable harm and an inadequate remedy at law where employers "operat[e] with significant ERISA debts, and no reasonable prospect of financial ability to address those debts . . . ." (Pls.' Mem. 7, ECF No. 14.) The only in-circuit authority upon which Plaintiffs rely in making this argument is *Gould v. Lambert Excavating, Inc.,* where the district court entered a preliminary injunction against an employer that violated ERISA by failing to make contributions to employee benefit funds. 870 F.2d 1214, 1217 (7th Cir. 1989). The district court had found that the employer's failure to make its required contributions jeopardized the actuarial soundness of the funds, and the employer did not challenge that finding on appeal. *Id.* at 1217–18, 1222. Although the district court had erred in concluding that injunctive relief was available under ERISA absent a showing of irreparable harm, the Seventh Circuit held that the error was harmless because the district court had found that the funds' actuarial soundness was being jeopardized, which was sufficient to show irreparable harm. *Id.* at 1221–22.

5

In contrast with *Gould,* Plaintiffs have not offered evidence that the actuarial soundness of the Funds is jeopardized by Hooks's failure to make contributions. That is a "material distinction" from the record in *Gould* and closely aligns this case with [*Avila v. Bronger Masonry, Inc.*, 123 F. Supp. 3d 1088, 1097–99 (S.D. Ind. 2015)](), where the district court denied a motion for preliminary injunction because the plaintiff funds failed to show irreparable harm for which there is an inadequate remedy at law. And like the plaintiff funds in *Avila,* Plaintiffs here have offered no evidence that Hooks has stopped performing work—to the contrary, they request the Court to order Hooks to "cease operations" until they begin making contribution payments. Nor have Plaintiffs presented any evidence that Hooks is dissipating or transferring assets to evade the money judgment that Plaintiffs are likely to obtain.

Instead, based "on information and belief," Plaintiffs assert that Hooks "is in difficult financial straits," because it owes the Cement Masons 502 Funds over $100,000 (Pls.' Mot. 4, [ECF No. 13](); Pls.' Mem. 3, [ECF No. 14](); Feola Suppl. Decl. 2–3, [ECF No. 13-8](); Feola Decl. 3, [ECF No. 14-9]()), and "may be indebted to" a third employee benefit fund for just under $30,000 (Pls.' Mot. 4, [ECF No. 13](); Pls.' Mem. 3–4, [ECF No. 14](); *Constr. Workers Pension Tr. Fund Lake Cty. & Vicinity v. Hooks, AV, LLC*, No. 1:18-cv-00068, Compl. (N.D. Ill. Jan. 4, 2018), [ECF No. 13]()-19.) Plaintiffs have presented evidence of significant amounts owed by Hooks. While Hooks has not established the ability to pay all amounts due, Plaintiffs have presented no evidence of Hooks's inability to pay those amounts, even assuming that Hooks's debt will increase as it continues to operate. Plaintiffs cannot demonstrate irreparable injury based on

mere speculation or the possibility that Hooks will not be able to pay the amounts owed to the Funds. *Winter,* 555 U.S. at 22 (the party seeking injunctive relief must show that "irreparable injury is *likely* in the absence of [a TRO]") (emphasis in original).

Although Plaintiffs are likely to succeed on the merits, the Court finds that they have not shown that they will suffer irreparable harm and they have no adequate remedy at law without a TRO. As a result, they have not met their threshold burden for obtaining a TRO, and Plaintiffs' Motion for Temporary Restraining Order must be denied.

### III. Conclusion

For the reasons stated, Plaintiffs' Motion for Temporary Restraining Order (ECF No. 13) is **DENIED**.

Date: 10/22/2018

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Donald D. Schwartz
ARNOLD & KADJAN
dds@aandklaw.com


Hooks AV, LLC
c/o Its Registered Agent, James T. Derico, Jr.
77 West Washington St., Suite 500
Chicago, IL 60602